

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| JOYCE MAYFIELD, INDIVIDUALLY, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES AND HEIRS AT LAW OF ALICE MAYFIELD | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:17cv722CWR-FKB |
| SHADY LAWN, LLC, D/B/A SHADY LAWN HEALTH AND REHABILITATION CENTER; JOHN DOES 1-10; AND UNIDENTIFIED ENTITIES 1-10 | DEFENDANTS |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446 and Rule 9027 of the Federal Rules of Bankruptcy Procedure,[1] Defendant Shady Lawn, LLC d/b/a Shady Lawn Health & Rehabilitation Center ("Shady Lawn") files this Notice of Removal of the civil action styled *Joyce Mayfield v. Shady Lawn, LLC, d/b/a Shady Lawn Health & Rehabilitation Center*, Civil Action No. 17-0070-CI, from the Circuit Court of Warren County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division. In support of this Notice, Shady Lawn states the following:

1. The Plaintiff filed this action on June 30, 2017. In the Complaint, the Plaintiff alleges that her mother, Alice Mayfield, received substandard nursing care during her residency at Shady Lawn in Vicksburg, Mississippi. According to the Complaint, Alice Mayfield suffered injuries and ultimately died as a result of Shady Lawn's negligence.

---

[1] On May 6, 2016, Shady Lawn filed a Chapter 11 Petition in the Bankruptcy Court for the Middle District of Tennessee, Nashville Division - Case No 16-03296. *See* Notice of Commencement of Chapter 11 Bankruptcy Cases, which is attached as Exhibit C. Consequently, Shady Lawn files this Notice of Removal in accordance with Bankruptcy Code § 9027.

2. Shady Lawn was served with a copy of the Complaint and Summons on August 9, 2017. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b) and Rule 9027 of the Federal Rules of Bankruptcy Procedure.

3. Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division, because that is the district in which the state court action was filed. *See* 28 U.S.C. §§ 1446(a) & 104(b)(1); FRBP 9027(a)(1).

4. Pursuant to 28 U.S.C. § 1446(a), a copy of any and all process, pleadings, and orders served upon Shady Lawn are attached as composite Exhibit "A."

5. The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and (2) there is diversity of citizenship between the Plaintiff and Shady Lawn.

6. It is apparent that the amount in controversy requirement is met because the Plaintiff seeks to recover damages for her mother's "physical and emotional trauma including, but not limited to multiple large sacral decubitus ulcers - stage four, nosocomial sepsis, lactic acidosis, a likely urinary tract infection, hypernatremia, acute renal failure, severe protein-calorie malnutrition and function quadriplegia ... catastrophic injury, disfigurement..." Complaint at ¶ 14. Plaintiff further claims her mother suffered "the loss of her personal dignity, humiliation, chronic and prolonged pain and suffering, mental anguish, and death." *Id.* Taken together, these allegations easily establish the requisite amount in controversy. *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. App'x 62, 67 (5th Cir. 2010) (holding that wrongful death plaintiffs' request for pain and suffering, mental anguish, and loss of consortium damages satisfied the amount in controversy).

7. Moreover, Plaintiff seeks punitive damages. A claim for punitive damages also must be considered while evaluating the amount in controversy. *See St. Paul Reinsurance Co. v.*

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (holding that a district court must consider any claim for punitive damages when calculating the amount in controversy); *Sun Life Assur. Co. of Canada (U.S.) v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007) (same).

8.  Diversity of citizenship exists because the Plaintiff is alleged to be a citizen of Mississippi, *see* Complaint at ¶ 1, and Shady Lawn is not a citizen of Mississippi. As set forth in detail below, Shady Lawn is a Tennessee limited liability company whose sole member, Vanguard Healthcare, LLC, is a citizen of the state of Tennessee. No members of Vanguard Healthcare, LLC, reside in or are citizens of the state of Mississippi. Shady Lawn is, therefore, not a citizen of Mississippi. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of an LLC is that of all its members).

9.  Again, Shady Lawn's sole member is Vanguard Healthcare, LLC, a Tennessee citizen. Vanguard Healthcare's members are William D. Orand, Sr., the Orand Limited Partnership, and the Ervin General Partnership.

10. William D. Orand, Sr. is a citizen of Tennessee.

11. The Orand Limited Partnership is a Tennessee limited partnership. Its partners are William D. Orand, Sr., Pam Orand, William D. Orand, Jr., and Bradford Orand. William D. Orand, Sr., Pam Orand, and Bradford Orand are all citizens of Tennessee. William D. Orand, Jr. is a citizen of Texas. Thus, the Orand Limited Partnership is a citizen of Tennessee and of Texas. *Int'l Paper Co. v. Denkmann Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997) ("For the purposes of diversity jurisdiction, the citizenship of a partnership is determined by reference to the citizenship of each of its partners.")

12. The Ervin General Partnership is a Tennessee limited partnership. Its partners are Linda M. Ervin, the Jere Suzanne Smothers Irrevocable Trust, the William J. Ervin Irrevocable

Trust, the Jere Murphy Smothers 2008 Irrevocable Trust, and the Thomas Mann Smothers 2008 Irrevocable Trust. Linda M. Ervin is a citizen of Tennessee. Because J. Larry Williams is the trustee for each and every one of the aforementioned trusts, and further because he is a citizen of Tennessee, the trusts are Tennessee citizens. *See Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 397 n. 6 (5th Cir. 2009), citing *Navarro Savs. Ass'n v. Lee,* 446 U.S. 458, 464 (1980) (holding that the citizenship of a trust is that of its trustee). Thus, because all of its members are Tennessee citizens, the Ervin General Partnership is a Tennessee citizen. *See Int'l Paper Co.,* 116 F.3d at 137.

13. For the reasons stated above, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper under §§ 1441 and 1446.

14. In accordance with 28 U.S.C. § 1446(d), a Notice of Filing, along with a copy of this Notice of Removal, has been sent to all counsel of record and will be filed with the Clerk of Court for the Circuit Court of Warren County, Mississippi. A copy of the Notice of Filing is attached as Exhibit B.

**WHEREFORE,** Shady Lawn requests that the above-captioned action now pending in Warren County Circuit Court be removed to the United States District Court for the Southern District of Mississippi, Northern Division, and that the District Court assume jurisdiction over this lawsuit.

This, the 7th day of September, 2017.

Respectfully Submitted,

SHADY LAWN LLC d/b/a SHADY LAWN
HEALTH & REHABILITATION CENTER

By its Attorneys,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By: _____
W. DAVIS FRYE

W. Davis Frye (MSB No. 10671)
dfrye@bakerdonelson.com
Brad C. Moody (MSB No. 101628)
bmoody@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211-6391
*Telephone*: (601) 351-2400
*Facsimile*: (601) 351-2424

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded, via U.S. Mail, first class postage prepaid, a true and correct copy of the foregoing *Notice of Removal* to the following counsel of record:

Robert D. Cain, Jr., Esq.
Davis & Crump, P.C.
Post Office Drawer 6829
Gulfport, MS 39506
robert.cain@daviscrump.com

This, the 7th day of September, 2017.

_____
W. DAVIS FRYE