

IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

JOYCE MAYFIELD, INDIVIDUALLY
AND ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES AND HEIRS AT LAW OF
THE ESTATE OF ALICE MAYFIELD                                                    **PLAINTIFF**

                                    CAUSE NO: ___17, 0070-CI___

VERSUS

SHADY LAWN, LLC d/b/a SHADY LAWN
HEALTH AND REHABILITATION CENTER;
JOHN DOES 1-10 and UNIDENTIFIED
ENTITIES 1-10                                                                           DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI

TO:    **SHADY LAWN, LLC d/b/a SHADY LAWN HEALTH AND
       REHABILITATION CENTER
       By and through its Registered Agent
       CT Corporation System
       645 Lakeland East Drive, Suite 101
       Flowood, MS   39232**

### NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the
Complaint to **ROBERT D. CAIN, JR., ESQUIRE, DAVIS & CRUMP, P.C., Post Office
Drawer 6829, Gulfport, Mississippi 39506**. Your response must be mailed or delivered
within thirty (30) days from the date of delivery of this summons and complaint or a
judgment by default will be entered against you for the money or other things demanded
in the complaint.

You must also file the original of your response with the clerk of this Court within a
reasonable length of time afterward.

Issued under my hand and seal of said Court, this the 30 day of June,
2017.

JAN HYLAND DAIGRE, CLERK
WARREN COUNTY CIRCUIT COURT

BY: _____, D.C.

> **EXHIBIT**
> **A**

**PROOF OF SERVICE-SUMMONS**
(Process Server)
Use separate proof of service for each person served)

## SHADY LAWN, LLC d/b/a SHADY LAWN HEALTH AND REHABILITATION CENTER
(Name of Person or Entity Served)

I, the undersigned process server, served the summons, complaint and discovery upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing (by first class, postage prepaid) copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

_____ **PERSONAL SERVICE.** I personally delivered copies to _____ on the ____ day of _____, 2017, where I found said person in _____ County of the State of _____.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ county (state). I served the summons and complaint on the ____ day of _____, 2017, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ _____ who is the _____ (here insert wife, husband, son, daughter, or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the day of _____, 2017, I mailed (by first class, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served.)

At the time of service I was at least 18 years of age and not a party to this action.

Fee for Service:  $

Process server must list below:  (Please print or type)

NAME: _____

ADDRESS: _____

TELEPHONE NUMBER: _____

STATE OF MISSISSIPPI
COUNTY OF _____

Personally appeared before me, the undersigned authority in and for the county and state aforesaid, the within named, _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

**SWORN TO AND SUBSCRIBED BEFORE ME,** this the _____ day of _____, 2017.

_____
NOTARY PUBLIC

My Commission Expires:

_____

IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

JOYCE MAYFIELD, INDIVIDUALLY,
AND ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES AND HEIRS AT LAW
OF THE ESTATE OF ALICE MAYFIELD                                    PLAINTIFF

VERSUS                                      CAUSE NO: _17 0070-CI_

                                            F I L E D
SHADY LAWN, LLC d/b/a SHADY LAWN
HEALTH AND REHABILITATION CENTER;                    JUN 30 2017
JOHN DOES 1-10 and UNIDENTIFIED
ENTITIES 1-10                               JAN HYLAND DAIGRE, CIRCUIT CLERK DEFENDANTS

                            **COMPLAINT**

                        **JURY TRIAL REQUESTED**

         COMES NOW the Plaintiff, Joyce Mayfield, individually, and on behalf of the

wrongful death beneficiaries and heirs at law of the estate of Alice Mayfield, by

and through counsel, Davis & Crump, P.C., and files this Complaint against

Shady Lawn LLC d/b/a Shady Lawn Health and Rehabilitation Center; John Does

1-10, and Unidentified Entities 1-10, (hereinafter collectively referred to as

"Defendants") and in support thereof would show unto the Court the following:

                               **PARTIES**

         1.      Plaintiff, Joyce Mayfield, is an adult resident of Vicksburg, Warren

County, Mississippi.  Plaintiff is the daughter of Alice Mayfield.  Ms. Mayfield

brings this action individually and on behalf of the wrongful death beneficiaries

and heirs at law of the estate of Alice Mayfield pursuant to Mississippi law.

         2.      Defendant, Shady Lawn LLC d/b/a Shady Lawn Health and

Rehabilitation Center (hereinafter "Shady Lawn"), was at all relevant times, a

                                    1

nursing home licensed by the State of Mississippi. It was and remains engaged in the custodial care of elderly individuals who are chronically infirm, mentally impaired, and in need of nursing care and treatment. It may be served with process through C. T. Corporation System, 645 Lakeland Drive East, Suite 101, Flowood, MS 39232.

3.      John Does 1-10, are licensees, owners, administrators, physicians, other health care providers, and individuals who Plaintiff is currently unable to identify despite diligent efforts but who are liable in this cause. Said Defendants are named pursuant to Miss. R. Civ. Proc. 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortious with respect to the care and treatment of Alice Mayfield during her residency at Shady Lawn. Alternatively, said Defendants are liable for the negligent and/or otherwise tortious acts and/or omissions of others with respect to the care and treatment of Alice Mayfield during her residency at Shady Lawn.

4.      Unidentified Entities 1-10, are entities who Plaintiff is currently unable to identify despite diligent efforts but who are liable in this cause. Said Defendants are named pursuant to Miss. Rule Civ. Proc. 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortious with respect to the care and treatment of Alice Mayfield during her residency at Shady Lawn. Alternatively, said Defendants are liable for the negligent and/or otherwise tortious acts and/or omissions of others with respect to the care and treatment of Alice Mayfield during her residency at Shady Lawn.

2

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the Defendants and the subject matter of the claims made in this Complaint.  Plaintiff seeks no relief under any federal laws, asserts no federal claims, and makes no state law claim that is preempted by federal law.

6.    This court has venue in this action pursuant to Miss. Code Ann. §11-11-3, in that acts of negligence complained of herein occurred in Warren County, Mississippi.

7.    At all material times, Defendants owned, operated, managed, and/or controlled Shady Lawn in Vicksburg, Warren County, Mississippi.  The acts of each of Shady Lawn's servants, agents, and employees, as set forth herein, are imputed to Shady Lawn LLC d/b/a Shady Lawn Health and Rehabilitation Center, John Does 1-10, and Unidentified Entities 1-10.

## GENERAL ALLEGATIONS

8.    On or about June 6, 2012, Alice Mayfield (hereinafter "the decedent or Alice") was accepted and admitted as a resident at Shady Lawn pursuant to a written agreement in which the Defendants agreed to provide her with such care as her condition reasonably required.  At that time, Alice was 76 years old and suffered from dementia with Alzheimer's disease, delusions and hallucinations. She remained a resident of Shady Lawn until her death on October 16, 2015. Alice Mayfield died on October 16, 2015, as a result of injuries suffered while a resident at Shady Lawn.

3

9.      Defendants were aware of the decedent's medical conditions and the care that she required upon admission to Shady Lawn and represented that they could adequately care for her needs.  Following their acceptance of Alice as a resident, the Defendants were under a continuing duty both under Mississippi law and by the terms of their own admission agreement to exercise reasonable care in its treatment of her in light of her known condition.  The wrongs complained of below were of a continuing nature and occurred throughout the decedent's residency at Shady Lawn.

10.     Shady Lawn is a "skilled nursing facility" as defined in 42 C.F.R. 483 et seq., commonly referred to as the Omnibus Budget Reconciliation Act of 1987 (OBRA), and in Mississippi Code Ann. § 41-7-173(h)(iv).

11.     Shady Lawn is an "institution for the aged or infirmed" as defined by Miss. Code Ann. § 43-11-1 and the MS State Dept. of Health's Minimum Standards of Operation for Institution for the Aged & Infirm (hereinafter "MS Minimum Standards") (August 2010) § 101.12.

12.     Shady Lawn is a "nursing facility" as defined by 42 U.S.C.A. 1396r (requirements for nursing homes) and MS Minimum Standards § 101.22, § 103.

13.     Defendants held themselves out as:

a) specialists in the field of adult nursing care with the expertise necessary to maintain the health and safety of persons unable to adequately care for themselves;

4

b) skilled in performing nursing, rehabilitative, and other medical support services;

c) properly staffed, supervised, and equipped to meet the total needs of its residents;

d) able to specifically meet the total nursing home, medical, and physical therapy needs of the decedent and other residents like her; and

e) licensed and compliant on a continual basis with all rules, regulations, and standards established for nursing homes, nursing home licensees, and nursing home administrators.

14.   Defendants failed to discharge their obligations of care to the decedent.  The scope and severity of the recurrent wrongs inflicted upon the decedent while under Shady Lawn's care accelerated the deterioration of her health and physical condition beyond that caused by the normal aging process. As a consequence, she suffered physical and emotional trauma including, but not limited to multiple large sacral decubitus ulcers – stage four, nosocomial sepsis, lactic acidosis, a likely urinary tract infection, hypernatremia, acute renal failure, severe protein-calorie malnutrition and function quadriplegia, persistent, unresolved problems relating to her care and physical condition, catastrophic injury, disfigurement, unnecessary hospitalizations, the loss of her personal dignity, humiliation, chronic and prolonged pain and suffering, mental anguish, and death.

5

15.     At all relevant times, the decedent was under the care, supervision and treatment of Defendants' agents and/or employees and her injuries were proximately caused by their acts and/or omissions as described below.

16.     Defendants are vicariously liable for the acts and omissions of all persons or entities under their control, either directly or indirectly, including their employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies, or groups causing or contributing to the decedent's injuries.

17.     Defendants have joint and several liability for the actions complained of because they consciously and deliberately pursued a common plan to commit and committed the tortious acts described in this Complaint.

18.     Defendants failed to meet the standard of care and violated their duty of care to the decedent through mistreatment, abuse, and neglect. The negligence of the Defendants, their employees, agents, and consultants, includes, but is not limited to, the following acts and omissions. The failure to provide:

a)  a safe environment that is free from mental and physical abuse (MS Minimum Standards § 116.02(7));

b)  a complete physical examination upon admission and annually thereafter to include medical history, major physical and mental condition, current diagnosis, medication treatment, activities, and diet (MS Minimum Standards § 119.01);

6

c) a comprehensive resident care plan that included measurable objectives and timetables to meet the decedent's medical, nursing, and mental and psychosocial needs and respond to significant signs and symptoms of a change in the decedent's condition and failure to ensure the nursing care plan was implemented, modified, and followed by nursing personnel accordingly (42 C.F.R. § 483.20(k)(1));

d) assistance with activities of daily living and necessary care and services to attain or maintain the highest practicable physical, mental, and psychological well-being (42 C.F.R. § 483.25, MS Minimum Standards § 120.02);

e) sufficient hygiene and sanitary care to prevent pressure sores and infection and failure to ensure the decedent received the necessary treatment to promote healing, such as pressure relief, adequate turning and repositioning and assessment for risk of skin tears and bruising to prevent new sores from developing and existing sores from progressing (42 C.F.R. § 483.25(c), MS Minimum Standards § 120.03);

f) proper custodial and wound care and to prescribe and administer appropriate medication in accordance with physicians' orders prevent decedent's medical conditions from becoming life-threatening (MS Minimum Standards § 116.02);

7

g)  adequate assessment of the decedent's nutritional needs, to provide proper nutrition to promote health and wound healing and prevent malnutrition, weight loss, anemia, and protein deficiency (42 C.F.R. § 483.25(i), MS Minimum Standards § 120.09);

h)  sufficient fluid intake to maintain hydration and prevent dehydration (42 C.F.R. § 483.25(j), MS Minimum Standards § 120.10);

i)  adequate therapeutic and rehabilitative services to maintain mobility and range of motion (MS Minimum Standards § 120.05);

j)  an environment as free of accident hazards as is possible, adequate supervision and assistance devices to prevent accidents, and appropriate observation and examination following an injury as to timely and adequately offer appropriate emergency medical care (42 C.F.R. § 483.25(h), MS Minimum Standards § 120.08);

k)  adequate monitoring and assessments after a significant change in the decedent's health condition (42 C.F.R. § 483.20(b)(2)(ii));

l)  the necessary medical treatment to prevent the injuries listed in paragraph 14 (MS Minimum Standards § 116.02);

m)  proper and timely notification to attending physician of significant changes in the decedent's physical condition, specifically, the injuries listed in paragraph 14;

n)  sufficient number of qualified, trained personnel, including registered nurses, licensed practical nurses, certified nurse assistants, and

8

medication aides (hereinafter "nursing personnel") to meet the decedent's total needs, including timely and accurate care assessments, prescribed treatment, medication, and diet, necessary supervision, and timely intervention due to a significant change in condition (42 C.F.R. § 483.30(a));

o) supervision to nursing personnel to ensure the decedent received proper nutrition, fluids, a therapeutic diet, medications, and sufficient nursing observation and examination of the responses, symptoms, and progress in her condition (MS Minimum Standards § 117 et seq.);

p) adequate assessment, evaluation, and supervision of nursing personnel to ensure the decedent received appropriate nursing care, in accordance with Defendants' policy and procedures manual, and the statutorily mandated regulations implemented by the MS Dept. of Health and its agents, including the Office of Licensing and Certification (MS Minimum Standards § 103 et seq.);

q) guidelines, policies, and procedures for documenting, maintaining files, investigating, and responding to any complaint regarding the quality of resident care, or misconduct by employees, irrespective of whether such complaint derived from a state survey agency, a resident or employee of the facility or any interested person (MS Minimum Standards § 109 et seq., §116.01, §117 et seq.);

9

r) medical records, maintained in accordance with professional standards and practices, that are complete, accurately documented, signed and dated by the person making the entry, readily accessible, and systematically organized with respect to decedent's diagnosis, treatment, changes in the decedent's condition, and establishment and assessment of care plans (MS Minimum Standards § 115.06, §124); and

s) that all alleged violations involving mistreatment, neglect or abuse, including injuries of unknown source... are reported immediately to the administrator of the facility and to other officials in accordance with State law through established procedures (including to the State survey and certification agency) (42 C.F.R. § 483.13(c)(2)).

### COUNT ONE: NEGLIGENCE

19.    Plaintiff incorporates by reference and re-alleges each and every prior paragraph of this Complaint as though set forth herein.

20.    Defendants owed a duty to their residents, including the decedent, to:

a) provide adequate and appropriate custodial care and supervision, which a reasonably careful nursing home would provide under similar circumstances;

b) hire, train, and supervise employees so that employees delivered care and services to residents in a safe and beneficial manner; and

10

c) assist in attaining and maintaining the highest level of physical, mental, and psychosocial well-being.

21.    Defendants' employees owed a duty to residents, including the decedent, to render care and services as a reasonably prudent and similarly situated nursing home employee would render, including, but not limited to, exercising reasonable care in providing and rendering care and services in a safe and beneficial manner.

22.    A reasonably prudent and careful nursing home, operating under similar circumstances, would foresee that the failure to provide the ordinary care listed above would result in devastating injuries to the decedent. Thus, decedent's injuries were foreseeable to the Defendants.

23.    A reasonably prudent and careful nursing home, operating under similar circumstances, would not have failed to provide the care listed above. Each of the foregoing acts of negligence by the Defendants was a proximate cause of the decedent's injuries.

24.    Defendants breached the duties that a reasonably careful nursing home would have provided under similar circumstances by failing to deliver care and services and failing to prevent the mistreatment, abuse, and neglect of the decedent.

25.    As a direct and proximate result of the Defendants' negligence, the decedent suffered the injuries described in paragraph 14 and ultimately died.

26.    Defendants' conduct in breaching the duties owed to the decedent was negligent.

27.    Wherefore, based on the Defendants' conduct as set forth above, Plaintiff asserts a claim for judgment against Defendants for all compensatory damages and punitive damages in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT TWO:  NEGLIGENCE *PER SE*

28.    Plaintiff incorporates by reference and re-alleges each and every prior paragraph of this Complaint as though set forth herein.

29.    The above-mentioned violations of OBRA and regulations promulgated by the MS State Dept. of Health constitute negligence *per se* under Mississippi law.

30.    Plaintiff will show that Alice Mayfield fell within the class of persons the statutory rules, regulations, and laws intended to protect, thus entitling Plaintiff to adopt such laws as the standard of care for measuring Defendants' conduct.  Therefore, Plaintiff asserts that as a matter of law the Defendants' conduct amounted to negligence *per se*.

31.    Wherefore, Plaintiff asserts a claim for compensatory and punitive damages as appropriate under Mississippi law. ·

### COUNT THREE:  MALICE AND/OR GROSS NEGLIGENCE WHICH EVIDENCES A WILLFUL, WANTON OR RECKLESS DISREGARD FOR THE SAFETY OF ALICE MAYFIELD

12

32.    Plaintiff incorporates by reference and re-alleges each and every prior paragraph of this Complaint as though set forth herein.

33.    The longevity, scope, and severity of Defendants' failures and actions as described above constitute malice and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including, the decedent.   Specifically, such conduct was undertaken by Defendants without regard to the health and safety consequences to the residents, including the decedent, entrusted to their care.   Such conduct evidences a complete disregard for the duties of care, good faith, and fidelity owed to the decedent.

34.    As a direct and proximate result of the Defendants' gross negligence the decedent suffered injuries described in paragraph 14 and ultimately died. Punitive damages in an amount to be determined by a jury are warranted.

35.    WHEREFORE, based on the conduct of the Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory and punitive damages in an amount to be determined by the jury, plus costs, and all other relief to which Plaintiff is entitled by law.

### COUNT FOUR:  SURVIVAL CLAIM AGAINST DEFENDANTS

36.    Plaintiff incorporates by reference and re-alleges each and every prior paragraph of this Complaint as though set forth herein.

37.    As a direct and proximate result of the Defendants' acts or omissions, the decedent suffered the injuries listed in paragraph 14.

13

38.   As a further direct and proximate result of Defendants' conduct, the decedent required medical attention, hospitalization, and incurred significant hospital and medical expenses.

39.   WHEREFORE, based on the conduct of the Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory damages in an amount to be determined by the jury, plus costs, and all other relief to which Plaintiff is entitled by law.

## COUNT FIVE:  BREACH OF FIDUCIARY DUTY

40.   Plaintiff incorporates by reference and re-alleges each and every prior paragraph of this complaint as though set forth herein.

41.   As a resident of Shady Lawn, the decedent was particularly dependent for his daily care and well-being upon the Defendants, their employees, and agents.  Because of the nature of this dependency and the representations of the Defendants that they could and would provide necessary care, the decedent and her family held a special confidence and trust in the Defendants which they accepted by admitting the decedent to their facility and by determining the level of care to be provided to her.

42.   The decedent and her family relied upon the supposed superior knowledge, skill, and abilities that the Defendants held themselves out to have. The decedent and her family also relied on the Defendants to provide care for the decedent who, because of her age and infirmities, was not able to care for herself.

14

43.     By virtue of the nature of the services rendered, the special relationship between the Defendants and the decedent and the disparity of power and unequal bargaining position that existed, the Defendants occupied a position of confidence toward the decedent which required fidelity, loyalty, good faith, and fair dealing toward the decedent.

44.     The Defendants breached their fiduciary duty and duty of good faith and fair dealing to the decedent by failing to provide the appropriate level of care and services to which she was entitled, by accepting payment for services and care not provided to her, and by concealing and failing to disclose their abuse and neglect of her.

45.     As a proximate cause of these breaches of duty by the Defendants, the decedent suffered injuries as set forth in paragraph 14.

46.     Wherefore, based on the Defendants' conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.  Plaintiff also seeks the imposition of a constructive trust on all wrongful profits and proceeds arising out of Defendants' breach of fiduciary duty to Alice Mayfield.

## COUNT SIX:  WRONGFUL DEATH

47.     Plaintiff incorporates by reference and re-alleges each and every prior paragraph of this Complaint as though set forth herein.

15

48.    As a direct result of Defendants' acts and omissions described herein, Alice Mayfield died from injuries sustained while under the care of Defendants on October 16, 2015.

49.    If not for the acts and omissions of Defendants, Alice Mayfield would not have suffered said injuries and died on October 16, 2015.

50.    Plaintiff and the other wrongful death beneficiaries of Alice Mayfield have incurred costs related to her wrongful death, been deprived of her companionship, and suffered other loss and damages as a result of her wrongful death.

51.    Plaintiff and the other wrongful death beneficiaries of Alice Mayfield are entitled to recover damages, including the cost of funeral, medical, and other expenses, under Miss. Code Ann. § 11-7-13.

52.    Wherefore, based on the Defendants' conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.  Plaintiff also seeks the imposition of a constructive trust on all wrongful profits and proceeds arising out of the wrongful death of Alice Mayfield.

## DAMAGES

53.    Plaintiff incorporates by reference and re-alleges each and every prior paragraph of this Complaint as though set forth herein.

54.   Defendants, Shady Lawn LLC d/b/a Shady Lawn Health and Rehabilitation Center; John Does 1-10, and Unidentified Entities 1-10, by the above-described acts and/or omissions of negligence, breached a duty of ordinary care and diligence owed to Alice Mayfield and as a direct result and proximate cause of said breach of duty, she sustained injury, pain, death, and damages.

55.   The failure to render the required level of care resulted in the loss of reasonable probability of substantial improvement of the decedent's condition.

56.   That the aforementioned acts of Defendants were outrageous and performed with willful, wanton, and complete disregard and in reckless indifference to the rights of others, specifically, Alice Mayfield, and those acts further shock the conscience of the community.

57.   As a direct and proximate result of the negligence of the Defendants, Alice Mayfield and her heirs and beneficiaries have suffered the loss of the life of the decedent, loss of society and companionship of the decedent to her heirs and beneficiaries, emotional distress for witnessing the suffering and untimely demise of a loved one, pain and suffering associated with the above-described injuries which the decedent suffered prior to her death, and the medical and funeral bill of the decedent.

58.   Further, the Defendants' actions were willful, wanton, and/or done with such gross negligence and disregard for the safety of the decedent as to warrant the imposition of punitive damages.

59.   In compliance with Miss. Code Ann. §11-1-58, the Attorney's Certificate of Expert Consultation is attached to the original Complaint.

60.   Plaintiff has complied with Miss. Code Ann. §15-1-36(15) by providing sixty (60) days written notice of the intention to begin this cause of action.

## PRAYER FOR RELIEF

61.   Pursuant to the Miss. Rules of Civ. Proc., Plaintiff asserts a demand that all issues of fact in this case be tried to a jury.

**WHEREFORE**, Plaintiff, Joyce Mayfield, individually, and on behalf of the wrongful death beneficiaries and the heirs at law of the estate of Alice Mayfield prays for judgment against the Defendants as follows:

  a) compensatory damages to be determined by the jury in an amount exceeding the minimum jurisdictional amount of this Court and adequate to compensate Plaintiff for the injuries and wrongful death of Alice Mayfield;

  b) all general and special damages caused by the Defendants' conduct;

  c) punitive damages, as may be allowed by law, sufficient to punish Defendants for their egregious conduct and to deter them from repeating such atrocities;

  d) costs of this action;

  e) attorneys fees;

  f) prejudgment interest calculated from the date of this demand until paid, and

18

g) for such further relief the Plaintiff may be entitled to against these

Defendants at law or in equity.

**RESPECTFULLY SUBMITTED**, this the 27th day of June, 2017.

> **JOYCE MAYFIELD, INDIVIDUALLY, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES AND THE HEIRS AT LAW OF THE ESTATE OF ALICE MAYFIELD, PLAINTIFF**
>
> BY:   DAVIS & CRUMP, P.C., Her Attorneys
>
>
> BY:   _____
>       ROBERT D. CAIN, JR., ESQUIRE
>       MS Bar No. 104283

DAVIS & CRUMP, P.C.
Attorneys at Law
Post Office Drawer 6829
Gulfport, MS 39506
(228) 863-6000
(228) 864-0907 facsimile
Email: robert.cain@daviscrump.com

19

IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

JOYCE MAYFIELD, INDIVIDUALLY,
AND ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES AND HEIRS AT LAW
OF THE ESTATE OF ALICE MAYFIELD              •         PLAINTIFF

VERSUS                   CAUSE NO: _____

SHADY LAWN, LLC d/b/a SHADY LAWN
HEALTH AND REHABILITATION CENTER;
JOHN DOES 1-10 and UNIDENTIFIED
ENTITIES 1-10                           DEFENDANTS

## AFFIDAVIT

After being duly sworn, Robert D. Cain, Jr., appeared in person and attested to the following:

1.       My name is Robert D. Cain, Jr., and I am the attorney for the Plaintiff, Joyce Mayfield, Individually, and on behalf of the wrongful death beneficiaries and heirs at law of Alice Mayfield.

2.       I was retained by Joyce Mayfield to pursue a nursing home claim against Shady Lawn LLC d/b/a Shady Lawn Health and Rehabilitation Center located in Vicksburg, Warren County, Mississippi.

3.       The injuries involving Ms. Mayfield's mother, Alice Mayfield took place during July 2015 – October 2015, leading to Ms. Mayfield's death.

4.       I have been unable to obtain the medical records and, therefore, the consultation required by statute because of the limitation of time established by Mississippi Code Annotated Section 11-1-58, which would establish a bar to this

1

action. Further, the consultation could not reasonably be obtained before said time expired. Pursuant to statute, I will file a supplemental certificate of consultation within ninety (90) days after the records have been produced.

ROBERT D. CAIN, JR.

STATE OF MISSISSIPPI

COUNTY OF HARRISON

I, _Edlgard Morcano_, a Notary Public in and for said County and State do hereby certify that Robert D. Cain, Jr., personally appeared before me this day and being duly sworn, executed the foregoing instrument.

Witness my hand and official seal this 27th day of June, 2017.

STATE OF MISSISSIPPI
EDLGARD MORCANO
ID No 00026065
NOTARY PUBLIC
Comm Expires
August 13, 2017
HARRISON COUNTY

_Edlgard Morcano_
**NOTARY PUBLIC**

My Commission Expires:

_8-13-2017_

2